UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ACS RECOVERY SERVICES, INC.,

Plaintiff

    -against-

Civil Action Number:<br>07cv7352(VM)(DFE)

MICHELLE MARSHALL,

Defendant.
------------------------------------------------------------x

## MOTION TO DISMISS IN LIEU OF ANSWER;
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM;
## MOTION FOR SUMMARY JUDGMENT

Upon the attached complaint and the affirmation of Oscar Michelen, attorney for defendant, and the exhibits thereto, defendant Michelle Marshall moves pursuant to Rule 12(b)(6) and 56(b) of the Federal Rules of Civil Procedure for dismissal of the complaint in lieu of answer; for dismissal of the complaint for failure to state a claim upon which relief can be granted and for summary judgment and for such other and further relief as the court deems just and proper.

The motion will be brought before the Honorable Victor Marrero, in courtroom 20B, United States Courthouse, 500 Pearl Street, New York, New York, on the 29th day of February, 2008, at 9:30 in the forenoon, or at such other date and time as set by the court.

Dated:  Mineola, New York
        January 24, 2008

Respectfully submitted,

BY: _____

OSCAR MICHELEN (OM 5199)
SANDBACK, BIRNBAUM & MICHELEN
Attorneys for Pltf  KDR Restaurants, Inc.
200 Old Country Road   Suite 2 South
Mineola, New York        11501-4242
(516)248-8000    fax: ( 516)741-9398

TO:   Day, Pitney, LLP
      Attorneys for Plaintiff
      7 Times Square
      19th Floor
      New York, NY  10036

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ACS RECOVERY SERVICES, INC.,

                              Plaintiff,

                                                      AFFIRMATION
                                                      IN SUPPORT
          -against-                        Case No. 07cv7352 (VM)(DFE)


MICHELLE MARSHALL
                              Defendants.
-----------------------------------------------------------------X

    OSCAR MICHELEN, an attorney admitted to practice in the Southern District of

New York, affirms the truth of the following under he penalties of perjury:

1. I am a member of the firm of Sandback, Birnbaum & Michelen, attorneys of record

for the defendant Michelle Marshall herein, and as such I am fully familiar with the facts

and circumstances surrounding this application.

2. This affirmation is submitted in support of defendant Marshall's motion to dismiss in

lieu of answer, motion to dismiss for failure to state a claim upon which relief can be

granted and motion for summary judgment.

3. The legal positions of the defendant are fully set forth in the accompanying

memorandum of law.

4. In addition to representing defendant Marshall in this matter, I represented her in the

underlying State tort claim. That claim arose out of a trip and fall in her apartment that

rendered Ms. Marshall a quadriplegic.

5. A claim was brought in New York County State Supreme Court against the building

owners. Just prior to the commencement of jury selection, the parties reached an

agreement at a mediation conference to settle the matter for $2.5 million.

6. After the mediation the parties signed a settlement agreement. A copy of the agreement accompanies the motion as an exhibit.

7. The agreement states that the $2.5 million represents only a portion of defendant Marshall's pain and suffering claim and that all other claims are dismissed. No other settlement monies were ever allocated to any other claim of Ms. Marshall, including reimbursement of medical expenses.

8. At the mediation conference, counsel for plaintiff in this action was represented and participated in the conference. Counsel was advised that no amounts would be allocated towards medical expenses nor would any amounts be allocated towards any alleged lien plaintiff may assert.

9. In light of the foregoing and in light of the state of the law as set forth in the accompanying memorandum of law, it is respectfully submitted that the motions must be granted and the complaint dismissed.

WHEREFORE it is respectfully requested that the motions be granted in all respects.

Dated: January 24, 2008

OSCAR MICHELEN    (OM 5199)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ACS RECOVERY SERVICES, INC.,

                                   Plaintiff,


          -against-



                                             Civil Action Number:
                                             07cv7352 (VM)(DFE)


MICHELLE MARSHALL
                              Defendants.
-------------------------------------------------------------------X




**DEFENDANT'S MEMORANDUM OF LAW**








                         SANDBACK, BIRNBAUM & MICHELEN
                         Attorneys for Defendant Marshall
                         200 Old Country Road Suite 2 South
                         Mineola, New York 11501-4242
                         (516)248-8000  fax: (516)741-9398

## TABLE OF CONTENTS

| **Item** | **Page** |
|---|---|
| 1. Preliminary Statement ……………………………………………… | 1 |
| 2. Statement Pursuant to Local Rule 56.1………………………………… | 1 |
| 3.  **POINT  I** ……………………………………………………… | 3 |

**THE PLAIN LANGUAGE OF THE
CONTRACT RESTRICTS PLAINTIFF'S
SOURCES FOR RECOVERY TO AMOUNTS
RECEIVED SPECIFICALLY FOR MEDICAL EXPENSES**

| | |
|---|---|
| 4. **POINT II** …………………………………………………………… | 5 |

**THE UNITED STATES SUPREME COURT'S
DECISION IN *SEREBOFF* IS INAPPLICABLE
TO THE CASE AT BAR DUE TO THE
PLAIN LANGUAGE OF THE INSURANCE CONTRACT**

| | |
|---|---|
| 5. **POINT III**  …………………………………………………….... | 6 |

**MOVANT HAS ESTABLISHED
ENTITLEMENT TO SUMMARY JUDGMENT
AND THAT COMPLAINT LACKS MERIT ON ITS FACE**

| | |
|---|---|
| 6. Conclusion ……………………………………………………… | 9 |
| 7. Table of Authorities ………………………………………………... | 10 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ACS RECOVERY SERVICES, INC.,

                                    Plaintiff,              **DEFENDANT'S
                                                            MEMORANDUM
                                                            OF LAW**

                    -against-                               Case No. 07cv7352 (VM)(DFE)


MICHELLE MARSHALL
                                    Defendants.
-----------------------------------------------------------------X

### PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendant Michelle Marshall in support of her motion for summary judgment pursuant to F.R.C.P Rule 56(b) and dismissal of the complaint and in lieu of answer and for failure to state a claim upon which relief can be granted pursuant to F.R.C.P. Rule 12(b)6).in this matter.

### STATEMENT PURSUANT TO LOCAL RULE 56.1

#### Listing of Undisputed Facts:

All the relevant facts in this case are undisputed. For purposes of this motion, the defendant will incorporate by reference and treat as undisputed all of the factual allegations contained in paragraphs 1 through 19 inclusive of plaintiff's complaint.

In addition, the following facts are also undisputed:

(a) defendant Michelle Marshall was a victim of a slip and fall in her apartment which resulted in her bringing a lawsuit against the building's property owners and managing agents.

(b) That lawsuit, <u>Michelle Marshall v. 426-428 West 46th St. Owners Inc. et al</u>, was filed in New York County Supreme Court and bore index number 110231/2003.

(c) At mediation, the action settled for $2.5 Million Dollars.

(d) Counsel for plaintiff participated and was present at the mediation session and was informed at that time, that no part of the settlement would be credited towards or identified as amounts paid for medical expenses and that all the settlement would be allocated to pain and suffering..

(e) The settlement agreement specifically states:

"6.  In this action, the parties acknowledge that the plaintiff had a variety of claims and causes of action against defendant, including pain and suffering; loss of enjoyment of life; limitation of the activities of daily life; past lost earnings; past medical expenses; future lost earnings; future medical expenses and lost earning capacity. Of those claims, the parties acknowledge that the largest potential exposure and claim is that of pain and suffering.
7.  The parties understand and acknowledge that due to the vagaries and exigencies of litigation in general and this action in particular, the plaintiff has agreed to accept the settlement amount even though said amount does not fully compensate plaintiff for her total pain and suffering and other losses had liability been established.
8.  The parties understand and acknowledge that due to the foregoing, this settlement amount is allocated and paid to plaintiff as payment on her pain and suffering claim only and that all other claims alleged by plaintiff against defendants are being simultaneously released and dismissed without any settlement monies being allocated towards any other claim."

A copy of the agreement accompanies the motion as an exhibit.

(f) Plaintiff's counsel was sent a copy of the settlement agreement both before and after commencement of the action.

(g) The language of the underlying insurance company's contract for insurance states: "CG will only exercise its subrogation rights if the amount received by you is specifically identified in the settlement or judgment as amounts paid for medical expenses." See, paragraph 19 of plaintiff's complaint.

2

**POINT I**

**THE PLAIN LANGUAGE OF THE
CONTRACT RESTRICTS PLAINTIFF'S
SOURCES FOR RECOVERY TO AMOUNTS
RECEIVED SPECIFICALLY FOR MEDICAL EXPENSES**

Under Section 502(a)(3) of the ERISA statute, a civil action may be brought by a plan participant, beneficiary or fiduciary: "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3) (2006). Plaintiffs suing under this section are therefore limited by the statute to the language contained in the ERISA plan they seek to enforce.

The contract for insurance upon which plaintiff relies specifically limits the plaintiff's rights to reimbursement or subrogation to amounts received for medical expenses. Since the amount received by defendant is not specifically identified in the settlement as amounts paid for medical expenses, then plaintiff has no right to subrogation or reimbursement.

ERISA itself is silent with respect to subrogation and reimbursement, neither requiring a welfare plan to contain a subrogation clause, nor barring such a clause or otherwise regulating its content. See Member Servs. Life Ins. Co. v. American Nat. Bank and Trust Co. of Sapula, 130 F.3d 950, 958 (10th Cir.1997) (citing Ryan v. Federal Express Corp., 78 F.3d 123, 127 (3d Cir.1996)). ERISA, of course, preempts state law dealing with the interpretation of an ERISA-governed plan unless the plan involves the purchase of an insurance policy as the method of providing plan benefits. See FMC Corp. v. Holliday, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d

3

356 (1990) (holding a state subrogation rule preempted). In the absence of such statutory

guidance, federal courts may create federal common law for the use in ERISA cases. See Pilot

Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56, 107 S.Ct. 1549, 1557-58, 95 L.Ed.2d 39 (1987); see

also Cutting v. Jerome Foods, Inc., 993 F.2d 1293, 1297 (7th Cir.1993) ( "[Federal] courts have

to adopt some interpretive principles, even if only implicit ones, in order to construe ERISA

plans, since ERISA sets forth no principles of interpretation of its own. And those principles that

the judges devise or adopt to guide their interpretations are therefore common law").

    However, where the plan itself contains language regarding subrogation and right of

recovery from third parties, federal courts are bound to apply only the language contained in the

plan and determine the respective parties' rights in accordance with that language.   Alves v.

Silverado Foods, Inc., 6 Fed.Appx. 694 (10th Cir. 2001).

    Indeed, here, for example, absent this clear language in the plan, defendant could rely on

the federal common law "made whole" doctrine which prohibits reimbursement or subrogation

by an insurance company until the insured has been "made whole." See, Barnes v. Ind. Auto

Dealers of Cal., 64 F.3d1389 (9th Cir. 1995).  This would be applicable to the defendant since the

agreement specifically acknowledges that this settlement does not even make her whole with

respect to her claim for pain and suffering. Federal courts cannot apply the "made whole

doctrine," however, if there is specific language in the insurance plan dealing with subrogation

and rights to recovery after settlements with third parties. Alves, supra, at 704.

    The plaintiff is therefore restricted in recovery by the language of the plan which

prohibits this lawsuit since defendant did not receive any monies allocated to reimbursement of

medical expenses.

4

## POINT II

### THE UNITED STATES SUPREME COURT'S DECISION IN *SEREBOFF* IS INAPPLICABLE TO THE CASE AT BAR DUE TO THE PLAIN LANGUAGE OF THE INSURANCE CONTRACT

Paragraph 1 of plaintiff's complaint states that it seeks relief "in accordance with the United States Supreme Court's decision in <u>Sereboff v. Mid-Atlantic Medical Services, Inc.</u>," 547 U.S. 356, 126 S.Ct. 1869 (2006). <u>Sereboff</u>, however, is wholly inapplicable to the case at bar since the language in the plan herein limits the sources of recovery from which subrogation can be obtained, while there was no such limitation in the plan involved in <u>Sereboff</u>.

The Sereboffs were beneficiaries under a health insurance plan administered by Mid Atlantic and covered by the Employee Retirement Income Security Act of 1974 (ERISA). The plan provided for payment of covered medical expenses and contained an "Acts of Third Parties" provision. That provision required the plaintiffs to reimburse Mid-Atlantic from "[a]ll recoveries from a third party (whether by lawsuit, settlement, or otherwise)." <u>Id.</u> at 356, 1872. It further stated that "[Mid Atlantic's] share of the recovery will not be reduced because [the beneficiary] has not received the full damages claimed, unless [Mid Atlantic] agrees in writing to a reduction." <u>Id.</u> After the Sereboffs settled their tort suit, Mid Atlantic filed suit in District Court under § 502(a)(3) of ERISA, seeking to collect from the Sereboffs' tort recovery the medical expenses it had paid on the Sereboffs' behalf. The Sereboffs agreed to set aside from their tort recovery a sum equal to the amount Mid Atlantic claimed, and preserve this sum in an investment account pending the outcome of the suit. <u>Id.</u>

5

The Supreme Court in <u>Sereboff</u> merely decided that this type of action did in fact seek equitable relief and was therefore permitted under ERISA.  The decision, however, did not give health insurance plans any greater rights than those contained in the specific language of the plan. See, <u>Fedderwitz v. Metropolitan Life Ins. Co., Disability Unit</u> 2007 WL 2846365 (S.D.N.Y. 2007)(<i>Sereboff</i> authorizes recovery only of a specific res from a specific creditor); <u>Vacca v. Trinitas Hosp.</u>, 2006 WL 3314637 (E.D.N.Y. 2006).

Since the plan language in <u>Sereboff</u> allowed subrogation from "all recoveries" the plan was allowed to seek reimbursement from the settlement in that action.  Since the plan in this action does not contain such permissive language, the Supreme Court's decision in <u>Sereboff</u> is inapplicable.

**POINT III**

**MOVANT HAS ESTABLISHED
ENTITLEMENT TO SUMMARY JUDGMENT
<u>AND THAT COMPLAINT LACKS MERIT ON ITS FACE</u>**

**A. <u>Standard under 56(b) has been met</u>**

A motion for summary judgment may be granted under FRCP 56 if the entire record demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." <u>Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)</u>. When viewing the evidence, the court must "assess the record in the light most favorable to the non-movant and ... draw all reasonable inferences in its favor." <u>Delaware & Hudson Ry.</u>

6

Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir.1990); see Francis v. Coughlin, 891

F.2d 43, 46 (2d Cir.1989).

      In contract actions, summary judgment is an appropriate method of disposition when the

contract's terms are clear and not conducive to more than one reasonable interpretation.

American Home Prod. Corp. v. Liberty Mutual Ins. Co., 748 F.2d 760, 765 (2d Cir.1980); see

also United States v. All Right, Title & Interest in Real Property, etc., 901 F.2d 288, 290 (2d

Cir.1990) (quoting Murray v. National Broadcasting Co., Inc., 844 F.2d 988, 992 (2d Cir.), cert.

denied, 109 S.Ct. 391 (1988)) ("Summary judgment is appropriate if ... 'no reasonable trier of

fact could find in favor of the non-moving party.' "). Whether a writing is ambiguous presents a

threshold question of law for the Court that is resolved within the four corners of the document.

See Weiss v. Weiss, 52 N.Y.2d 170, 174, 436 N.Y.S.2d 862, 418 N.E.2d 377 (1981). A writing

is unambiguous when, construing it as a whole and giving each section its plain meaning, the

writing is readily susceptible to only one interpretation. See id.; American Home Prod. Corp.,

supra, 748 F.2d at 765; Hong Kong Export Credit Ins. Corp. v. Dun & Bradstreet, 414 F.Supp.

153, 158 (S.D.N.Y.).

      In this case, the applicable terms of the insurance plan and the settlement agreement are

clear and unambiguous. They are open only to one interpretation: there can be no right of

recovery or subrogation against theses funds because they were not paid to defendant as

reimbursement of medical expenses. Defendant is therefore entitled to summary judgment.

7

**B. Standard under 12(b)(6) has been met**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Defendants must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted since, in ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir.), cert. denied , 510 U.S. 1012 (1993). The allegations of a complaint must be dismissed for failure to state a claim if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir.1994), cert. denied, ---U.S. ---, 116 S.Ct. 172 (1995). In order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir.), cert. denied, 506 U.S. 893(1992).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed.R.Civ.P. 10(c). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v.

8

Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir.1993). Therefore the court can take into consideration in this matter the settlement agreement Attached as an exhibit to the motion since it is referenced in the complaint.

The complaint is self-contradictory. It relies on a passage in an insurance plan which limits recovery to monies received for medical benefits and also relies on a settlement agreement which does not provide monies for medical benefits. Plaintiff cannot therefore assert any facts which would show an entitlement to recovery and the motion must be granted.

## CONCLUSION

Defendant has established her entitlement to summary judgment and dismissal of the complaint. The plain language of the insurance plan limits plaintiff's recovery to funds that were paid to defendant as reimbursement for medical expenses. It is respectfully submitted that motion should be granted

Dated: January 24, 2008

Respectfully submitted

OSCAR MICHELEN  (OM 5199)
SANDBACK, BIRNBAUM & MICHELEN
Attorneys for Defendant Marshall
200 Old Country Road Suite 2 South
Mineola, New York 11501-4242
(516)248-8000

9

## **TABLE OF AUTHORITIES**

**Cases**

Alves v. Silverado Foods, Inc., 6 Fed.Appx. 694 (10th Cir. 2001). ................................4

American Home Prod. Corp. v. Liberty Mutual Ins. Co., 748 F.2d 760, 765 (2d Cir.1980)...........7

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) ..........................................6

Barnes v. Ind. Auto Dealers of Cal., 64 F.3d1389 (9th Cir. 1995) ...................................4

Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir.), cert. denied , 510

   U.S. 1012 (1993)...................................................................................8

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ........................................................8

Cutting v. Jerome Foods, Inc., 993 F.2d 1293, 1297 (7th Cir.1993) ................................4

Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir.1990)..........7

Fedderwitz v. Metropolitan Life Ins. Co., Disability Unit 2007 WL 2846365 (S.D.N.Y. 2007)....6

FMC Corp. v. Holliday, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990) .............................3

Francis v. Coughlin, 891 F.2d 43, 46 (2d Cir.1989)...................................................7

Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993) ....................................8

Hong Kong Export Credit Ins. Corp. v. Dun & Bradstreet, 414 F.Supp. 153, 158 (S.D.N.Y.).......7

Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir.), cert. denied, 506 U.S. 893(1992) ...................8

Member Servs. Life Ins. Co. v. American Nat. Bank and Trust Co. of Sapula, 130 F.3d 950, 958

   (10th Cir.1997) ..................................................................................3

Murray v. National Broadcasting Co., Inc., 844 F.2d 988, 992 (2d Cir.), cert. denied, 109 S.Ct.

   391 (1988).........................................................................................7

Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56, 107 S.Ct. 1549, 1557-58, 95 L.Ed.2d 39 (1987).4

Ryan v. Federal Express Corp., 78 F.3d 123, 127 (3d Cir.1996) ....................................................3

Sereboff v. Mid-Atlantic Medical Services, Inc.," 547 U.S. 356, 126 S.Ct. 1869 (2006)...............5

Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir.1994), cert.

    denied,116 S.Ct. 172 (1995) .....................................................................................................8

United States v. All Right, Title & Interest in Real Property, etc., 901 F.2d 288, 290 (2d

    Cir.1990).....................................................................................................................................7

Vacca v. Trinitas Hosp., 2006 WL 3314637 (E.D.N.Y. 2006)........................................................6

Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir.1993) .........9

Weiss v. Weiss, 52 N.Y.2d 170, 174, 436 N.Y.S.2d 862, 418 N.E.2d 377 (1981) .........................7

## Statutes

29 U.S.C. § 1132(a)(3) (2006)........................................................................................................3

Fed.R.Civ.P. 10(c) ..........................................................................................................................8

11