AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

ACS RECOVERY SERVICES, INC.

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: 07 cv 7352

JUDGE MARRERO

MICHELLE MARSHALL

TO: (Name and address of defendant)

Michelle Marshall
392 Central Park West, Apt. 20L
New York, NY  10025

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Glenn E. Butash, Esq.
Day Pitney LLP
7 Times Square
New York, NY 10036-7311

an answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

DATE  AUG 17 2007

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                    Date                                              Signature of Server

                                                                      _____
                                                                      Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
                                                    Civil Action No.
ACS RECOVERY SERVICES, INC.,

                Plaintiff,
                                                    COMPLAINT
        -against-

MICHELLE MARSHALL,

                Defendant.

-------------------------------------------------X

[Stamp: AUG 17 2007 U.S.D.C. S.D.N.Y. CASHIERS]

Plaintiff ACS Recovery Services, Inc. ("ACS"), by its attorneys, Day Pitney LLP, as and for its complaint against defendant MICHELLE MARSHALL ("defendant" or "Ms. Marshall"), respectfully alleges:

NATURE OF THE ACTION

1. This is an action under § 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3), to enforce certain subrogation rights under an employee welfare benefit plan governed by ERISA. This action seeks equitable relief in accordance with the U.S. Supreme Court's decision in *Sereboff v. Mid Atlantic Medical Services, Inc.*, 126 S.Ct. 1869 (2006).

2.     Plaintiff ACS is an independent vendor of medical claims recovery and cost containment services to private healthcare payors, third-party administrators, self-funded employee benefit health plans and state and local government employee benefit health plans. It seeks herein to defend and enforce certain subrogation rights pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), with respect to medical benefits paid by one of its employee welfare benefit plan clients to a participant in the plan with respect to certain injuries she sustained.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the claims herein pursuant to ERISA § 502(e)(3), 29 U.S.C. § 1132(e)(2), pursuant to 28 U.S.C. § 1331 (federal question), and pursuant to principles of pendent jurisdiction.

4.     Venue is proper in this District pursuant to ERISA § 502(e)(3), 29 U.S.C. § 1132(e)(2), in that the benefit plan at issue herein is administered in this District.

## PARTIES

5.     ACS is, and was, at all relevant times hereinafter mentioned, a Delaware corporation and maintains its headquarters at 1301 Basswood Road, Schaumburg, Illinois 60173. ACS was

formerly doing business as Primax Recoveries Incorporated ("Primax" or "ACS").

6. Upon information and belief, Michelle Marshall is a natural person residing at 392 Central Park West, Apartment 20L, New York, NY 10025.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. ACS is an independent vendor of medical claims recovery and cost containment services to private healthcare payors, third-party administrators, self-funded employee benefit health plans and state and local government employee benefit health plans.

8. ACS's business involves subrogation/reimbursement recovery, which involves the identification, investigation and recovery, by way of equitable enforcement of liens, with respect to accident-related medical benefits paid or incurred by its plan clients but for which other persons or entities have primary responsibility due to contract or laws by way of equitable enforcement of its clients' liens.

9. Pursuant to a contractual arrangement with non-party CIGNA HealthCare company ("CIGNA"), ACS reviews and recovers claims with respect to benefits paid when an illness or injury sustained by an individual covered under a CIGNA-insured plan

may have been sustained under circumstances where such other persons or entities have primary responsibility as aforesaid.

10. One such CIGNA-insured plan (the "Plan") is an employee benefit health plan established and maintained by non-party Giorgio Armani Corporation in New York, New York. The Plan is insured by Connecticut General Life Insurance Company ("CG"), which is a CIGNA company.

11. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

12. At all times relevant, defendant Michelle Marshall was a Plan participant and covered person entitled to benefits under the Plan.

13. Upon information and belief, on or about August 27, 2002, Ms. Marshall sustained injuries as a result of a fall in an apartment building.

14. As a result of this accident, CIGNA was caused to incur substantial expenses for medical care and attention of Ms. Marshall, and has paid medical benefits directly relating to the foregoing injuries sustained by Ms. Marshall in the amount of $512,988.06.

15. Ms. Marshall filed an Amended Verified Complaint ("the tort lawsuit") in the Supreme Court of the State of New York, New York County, under Index No. 110231/03 against 426-428 West 46th St. Owners, Inc., 46th Street Associates, LP, and Robert Gottesman, the alleged owners, operators, and/or parties responsible for managing and maintaining the apartment building, as a result of the aforesaid injury.

16. Upon information and belief, Ms. Marshall settled the tort lawsuit for $2.5 million.

17. The lien that is the subject of this equitable enforcement action arose from Ms. Marshall's receipt of these settlement proceeds.

18. The Plan provides:

> EXPENSES FOR WHICH A THIRD PARTY MAY BE LIABLE
>
> This policy does not cover expenses for which another party may be responsible as a result of having caused or contributed to the Injury or Sickness. If you incur a Covered Expense for which, in the opinion of CG, another party may be liable:
>
> 1. CG shall, to the extent permitted by law, be subrogated to all rights, claims or interests which you may have against such party and shall automatically have a lien upon the proceeds of any recovery by you from such party to the extent of any benefits paid under the Policy. You or your representative shall execute such documents as may be required to secure CG's subrogation rights.
>
> 2. Alternatively, CG may, at its sole discretion, pay the benefits otherwise payable under the Policy.

However, you must first agree in writing to refund to CG the lesser of:

a. the amount actually paid for such Covered Expenses by CG; or

b. the amount you actually receive from the third party for such Covered Expenses;

at the time that the third party's liability for medical expenses is determined and satisfied, whether by settlement, judgment, arbitration or award or otherwise.

CG will only exercise its subrogation rights if the amount received by you is specifically identified in the settlement or judgment as amounts paid for medical expenses.

### AS AND FOR A FIRST CAUSE OF ACTION
### (ERISA § 502(e)(3), 29 U.S.C. § 1132(e)(2))

20. ACS repeats and realleges each and every allegation contained in paragraphs "1" through "19" hereof as if more fully set forth herein.

21. As Ms. Marshall was a covered participant of the Plan, Ms. Marshall is bound by the terms of the Plan.

22. Under the explicit terms of the Plan, CIGNA is subrogated to all rights, claims or interests that the Ms. Marshall had or may have had against the defendants in the tort lawsuit, and automatically possesses a lien upon the proceeds of her recovery and/or settlement from that lawsuit, to the extent of benefits paid under the Plan.

23. Pursuant to its contractual agreement with CIGNA, ACS herein asserts those rights, claims and interests of CIGNA under the Plan and otherwise.

24. Representatives of ACS have put Ms. Marshall and her counsel on notice of the lien that is the subject of this equitable enforcement action.

25. Ms. Marshall and her counsel refuse to satisfy the lien.

WHEREFORE, plaintiff ACS Recovery Services, Inc. respectfully demands that this Court enter judgment in its favor and against defendants:

(a) adjudging and declaring that the proceeds from Ms. Marshall's settlement in the tort lawsuit is subject to a lien in favor of ACS to the extent of $512,988.06, plus interest;

(b) ordering Ms. Marshall to pay over to ACS the amounts subject to said lien in discharge of same; and

(c) granting such other and further relief as this Court deems just and appropriate.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
MICHELLE MARSHALL,

                Plaintiff,                   **STIPULATION OF SETTLEMENT**

   -against-                              Index No. 110231/03

426-428 WEST 46th ST. OWNERS, INC., 46th
STREET ASSOCIATES, LP and ROBERT
GOTTESMAN,

                Defendant(s)

------------------------------------------------------------x

IT IS HEREBY STIPULATED AND AGREED to by and between the parties to this action and their respective counsel as follows:

    1.    This action, Case No. 110231/03, presently pending in New York Supreme Court, before the Honorable Jane Solomon, which was scheduled for trial on September 18, 2006, is hereby settled for the total amount of Two Million Five Hundred Thousand ($2,500,000.00) Dollars under the terms and conditions set forth in this stipulation of settlement.

    2.    Prior to entering into this stipulation, the parties have been engaged in a mediation process with JAMS at 45 Broadway, New York, New York before mediator Michael T. McAllister, Esq., and the terms and conditions of this stipulation were agreed upon through the mediation and negotiation process at JAMS on September 13, 2006.

    3.    At that mediation, the plaintiff was represented by Oscar Michelen, Esq., of Sandback, Birnbaum & Michelen ("plaintiff's counsel") and the defendants were represented by Larry Lum, Esq., of Wilson, Elser, Moskowitz, Edelman & Dicker ("defendants' counsel") and both the plaintiffs and defendants had a full and fair opportunity to be heard as to any and all

1

2559087.1

issues surrounding this litigation and the alleged accident of August 27, 2002, which is the subject of this action.

4. At that mediation, the plaintiff and defendants agreed to a full and final settlement of this matter as being in their best interests, under the terms and conditions contained in this stipulation.

5. The defendants agree to pay to plaintiff the sum of Two Million Five Hundred Thousand ($2,500,000.00) as follows:

    a. On or before November 29, 2006, the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars;

    b. On or before December 29, 2006, the sum of Seven Hundred Fifty Thousand ($750,000.00) Dollars;

    c. On or before April 29, 2007, the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars;

    d. On or before August 29, 2007, the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars;

    e. On or before December 29, 2007, the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars;

    f. On or before April 29, 2008, the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars;

    g. On or before August 29, 2008, the sum of Two Hundred Fifty Thousand

2559087.1

($250,000.00) Dollars;

h.   On or before September 29, 2008, the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars.

i.   The parties agree that a portion of the settlement payments referenced above shall be payable to a mutually agreeable annuity carrier on behalf of plaintiff to provide future periodic payments under a qualified structured settlement annuity placed through Atlas Settlement Group and that such annuity will be the subject of a qualified assignment pursuant to Internal Revenue Code Sections 104(a)(2) and 130(c). The parties agree to execute whatever additional documents are necessary to effectuate the above.

6.   In this action, the parties acknowledge that the plaintiff alleged a variety of claims and causes of action against defendants, including bodily injury, pain and suffering; loss of enjoyment of life; limitation of the activities of daily life; past lost earnings; past medical expenses; future lost earnings; future medical expenses and lost earning capacity.

7.   The parties understand and acknowledge that due to the vagaries and exigencies of litigation in general and this action in particular, the plaintiff has agreed to accept the settlement amount even though the plaintiff believes said amount does not fully compensate her for her injuries and losses.

8.   The parties understand and acknowledge that due to the foregoing, this settlement amount is allocated and paid to plaintiff as payment on her pain and suffering arising out of bodily injury claim only and that all other claims alleged by plaintiff against defendants are being simultaneously released and dismissed without any settlement monies being allocated

2559087.1

towards any other claim.

9. The plaintiff acknowledges and understands that simultaneously with this document she will be executing a general release which will fully and forever discharge and release the defendants for all claims plaintiff has against defendants arising out of the alleged accident of August 27, 2002.

10. The payment of the settlement funds and execution of the stipulation of settlement and confession of judgment, as well as the acceptance and delivery of said documents, shall not be deemed nor construed as an admission on the part of any of the parties to this stipulation with respect to any responsibility or liability for any and all of the allegations asserted in this action.

11. With respect to the payment of the settlement amounts listed in paragraph (5) of this agreement, the defendants agree that the dates set forth therein are the dates by which plaintiff's counsel must receive said amounts.

12. The defendants agree to pay said amounts by bank check or certified check made payable as follows: "Sandback, Birnbaum & Michelen, as attorneys for Michelle Marshall." The defendants agree to deliver said payments to Sandback, Birnbaum & Michelen at Two Pennsylvania Plaza, Suite 1996, New York, New York 10121 on or before the dates set forth in paragraph 5 of this agreement.

13. Simultaneously with the execution of this settlement agreement, the parties shall respectively execute the following additional documents:

   a. Plaintiff shall execute a general release in favor of the named defendants. To the extent that the language of this stipulation agreement conflicts with or modifies the

4

2559087.1

language of the general release, the language of this stipulation shall control;

b. Defendant, 426-428 West 46th Street Owners, Inc. shall execute a mortgage and note in the amount of Two Million Five Hundred Thousand ($2,500,000.00) Dollars against 426 West 46th Street, New York, New York and 428 West 46th Street, New York, New York;

c. Defendant, 426-428 West 46th Street Owners, Inc. shall execute a confession of judgment in favor of plaintiff in the amount of Two Million Five Hundred Thousand ($2,500,000.00) Dollars, for the purpose of securing the plaintiff against a default as defined in paragraph 17 of this stipulation.

d. The parties shall execute a stipulation of discontinuance of the action with prejudice.

14. The documents executed pursuant to paragraph 13 shall be held in escrow by defendants' counsel until either full payment of the settlement amount is collected by plaintiff's counsel or until there is a default, as that term is defined in paragraph 17 of this stipulation.

15. In the event of a default, plaintiff's counsel shall notify defendants' counsel of the event or omission constituting the default by overnight letter and fax. Defendants shall have ten (10) business days from the earlier of (a) the date of the mailing of the letter or (b) the date of the transmission of the fax to cure said default. In the event that defendants fail to cure said default during this time period, defendants' counsel shall, on the 10th business day following the default, send plaintiff's counsel the original documents listed in paragraph 13 of this agreement.

16. Upon receipt by plaintiff's counsel of those documents listed in paragraph 13 after default of defendants, plaintiff's counsel may file the confession of judgment, mortgage and note

with the court without further notice to defendants and take all available action to enforce such judgment, mortgage and note against defendants.

17. A default occurs when:

a. defendants fail to make a payment in compliance with the schedule set forth in paragraph 5 and as per the terms and conditions listed in paragraphs 11, 12 and 15 of this stipulation, OR;

b. any of the defendants files for any relief as a debtor, including a petition in any bankruptcy court, OR;

c. defendants fail to timely notify plaintiff's counsel of receipt by defendants or defendants' counsel of any money as a result of the declaratory action brought by defendants discussed in paragraph 20 below, OR;

d. defendants exchange, sell or otherwise divest themselves of their present interest in the two buildings for which a mortgage and note shall be executed pursuant to paragraph 13, OR;

e. defendants seek to dissolve any of the corporate entities listed in the caption of this action, OR;

f. any party fails to execute the documents set forth in paragraph 13 of this stipulation or any such documents as are necessary to effectuate the terms and conditions of this settlement agreement.

18. In the event defendants fulfill their obligations under this agreement, plaintiff's counsel shall notify defendants' counsel, by overnight mail and fax, of the collection of the final

monies owed under this agreement. Upon receipt of such notice, defendants' counsel is authorized to file the stipulation of discontinuance with prejudice with the court and return the remaining documents to the defendants.

19. Plaintiff agrees to hold harmless and indemnify defendants for any and all liens, known or unknown, that may attach to said settlement. Plaintiff understands that the settlement amount is the final amount to be paid by defendants and full payment thereof finalizes all of defendants' obligations to plaintiff.

20. The parties acknowledge that they are aware that defendants have brought a declaratory judgment action against Greater New York Insurance Company, Case No. 603354/03, which is presently pending in New York County Supreme Court, before Justice Bernard Fried. In the event that Greater New York, or any parent, subsidiary, employee, agent or assign of Greater New York, makes any payment to any defendant either (a) in settlement of said action or (b) as payment towards any judgment or award in said action, defendants agree to notify plaintiff's counsel of said event within two (2) business days of the event. Defendants agree to send to plaintiff's counsel the lesser of (a) the full amount received by defendants from Greater New York, its parent, subsidiary, employee, agent or assignee, or (b) the balance owed by defendants of the settlement amount, within (5) business days of collection of said amount.

21. Plaintiff and plaintiff's counsel covenant and agree to cooperate fully with defendants in any manner reasonably requested by any defendant and shall not take any position or make any statements inconsistent or contrary to those heretofore taken or made by them or on their behalf in connection with the matters covered or contemplated hereby in connection with such declaratory judgment action described in Paragraph 20 hereof.

2559087.1

22. Plaintiff and plaintiff's counsel covenant and agree to cooperate fully with the defendants in any manner reasonably requested by any defendant or reasonably required by a financing institution relating to conditions to or the terms and conditions in connection with any defendant obtaining financing to pay all or any portion of the settlement amount contemplated hereby.

23. In the event plaintiff or her counsel or anyone acting on her behalf breaches any understanding, covenant or agreement set forth in Paragraph 21 or 22, defendants shall be entitled to an offset for, and have withheld, the amount of any damages reasonably estimated to have resulted from that breach from the next payment or payments due under the Promissory Note.

24. All notices to the parties or their counsel shall be sent to the following:

(a) For plaintiff or plaintiff's counsel:

Oscar Michelen, Esq.
Sandback, Birnbaum & Michelen
Two Pennsylvania Plaza Suite 1996
New York, New York 10121
(212) 517-3200 fax: (212) 279-3509


(b) For defendants or defendants' counsel:

Larry Lum, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017

25. All prior understandings and agreements had between the parties, if any, are merged into this agreement, which is the sole and final stipulation of the parties. It may not be modified or amended except by a subsequent writing executed by the parties or their counsel. Each party has had ample opportunity to review the agreement and has had equal input towards

30. The terms and conditions of this settlement stipulation shall inure to the benefit of, and be binding upon, the parties hereto and their respective heirs, executors, administrators, successors and assigns. The death of any natural person who is a party to this stipulation shall not affect any party's rights and obligations under this stipulation.

31. Each party shall execute four (4) original settlement stipulations: one to be provided to Michelle Marshall on behalf of plaintiff; one to be provided to Robert Gottesman on behalf of defendants; one to be provided to plaintiff's counsel and one to be provided to defendants' counsel.

Dated:

_____  
MICHELLE MARSHALL

_____  
ROBERT GOTTESMAN

individually and on behalf of  
426-428 WEST 46TH ST OWNERS, INC.  
and 46TH STREET ASSOCIATES, LP

_____  
SANDBACK, BIRNBAUM & MICHELEN  
BY: OSCAR MICHELEN, ESQ.  
Plaintiffs Counsel

_____  
WILSON, ELSER, MOSKOWITZ  
EDELMAN & DICKER  
BY: LARRY LUM, ESQ.  
Defendants' Counsel