UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ACS RECOVERY SERVICES, INC.,

                            Plaintiff

-against-                                            Civil Action Number:
                                                              07cv7352(VM)(DFE)

MICHELLE MARSHALL,
                            Defendant.
-------------------------------------------------------------x

## MOTION FOR SANCTIONS PURSUANT TO FRCP RULE 11

      Upon the attached affirmation of Oscar Michelen, attorney for defendant, and the exhibits thereto, defendant Michelle Marshall moves pursuant to Rule 11 of the Federal Rules of Civil Procedure for sanctions for the filing of a frivolous complaint as determined appropriate by the court in this matter and for such other and further relief as the court deems just and proper.

      The motion will be brought before the Honorable Victor Marrero, in courtroom 20B, United States Courthouse, 500 Pearl Street, New York, New York, on the 29th day of February, 2008, at 9:30 in the forenoon, or at such other date and time as set by the court.

Dated:  Mineola, New York
           January 24, 2008

Respectfully submitted,

BY: /s/ Oscar Michelen

OSCAR MICHELEN (OM 5199)
SANDBACK, BIRNBAUM & MICHELEN
Attorneys for Pltf KDR Restaurants, Inc.
200 Old Country Road   Suite 2 South
Mineola, New York      11501-4242
(516)248-8000   fax: (516)741-9398

TO:  Day, Pitney, LLP
     Attorneys for Plaintiff
     7 Times Square
     19th Floor
     New York, NY  10036

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ACS RECOVERY SERVICES, INC.,

                              Plaintiff,

                                                                        AFFIRMATION
                                                                        IN SUPPORT
     -against-                             Case No. 07cv7352 (VM)(DFE)

MICHELLE MARSHALL
                              Defendants.
------------------------------------------------------------X

     OSCAR MICHELEN, an attorney admitted to practice in the Southern District of New York, affirms the truth of the following under he penalties of perjury:

1. I am a member of the firm of Sandback, Birnbaum & Michelen, attorneys of record for the defendant Michelle Marshall herein, and as such I am fully familiar with the facts and circumstances surrounding this application.

2. This affirmation is submitted in support of defendant Marshall's motion for sanctions pursuant to FRCP Rule 11.

3. The legal positions of the defendant are fully set forth in the accompanying memorandum of law.

4. Attached to the motion as an exhibit is an email string between myself and Mikhal Francois, an attorney with the firm representing plaintiff in this matter.

5. In late October, 2007, Ms. Francois called me to discuss plaintiff's claim against defendant.

6. I expressed to her that I was rather surprised that this issue had arisen because another attorney from her firm had appeared at the settlement conference in this case and these issues were raised and discussed there as well.

7. I informed her that at that conference her firm was advised that there would be no allocation of settlement proceeds towards medical expenses and that this precluded recovery by the client. I also told her that in October, 2006, I had a similar discussion with Glenn Butash of her firm (who signed the complaint in this matter) which I followed up by letter. I also informed her that these issues arose when her client sought and was denied intervention in the underlying tort case.[1] I told her that when the letter went unanswered, I presumed that the issue was finished.

8. Ms. Francois informed me that she did not know of the prior history underlying this issue and was just told by Mr. Butash to contact me to see if I would accept service of the summons and complaint on my client's behalf.

9. I agreed to accept service of the complaint, but asked her to hold off on filing the complaint until she had seen the letter, the brief on intervention and the settlement agreement. I emailed her all of those documents on or about October 31, 2007.

10. In a phone call subsequent to those transmissions, Ms. Francois advised me that her firm would not be withdrawing the complaint as Mr. Butash "felt we had an angle we could proceed on." She dif not elaborate further, nor did Mr. Butash ever call me to discuss "the angle" they had found.

11. The documents establish that as early as 2005, plaintiff was made aware of the language contained in the insurance plan which severely limited its right of recovery. It further was aware that the Supreme Court's decision in *Sereboff*, did not alter the landscape of this case as the plan language in *Sereboff* was much more expansive.

---

[1] The denial of intervention was upheld by the NYS Appellate Division First Department in Marshall v. 426-428 West46th Street Owners, Inc., 33 A.D.3d 444, 821 N.Y.S.2d 884, (1st Dep't 2006).

12. Accordingly, it is now incumbent on counsel for plaintiff, should the court dismiss the complaint, to establish a reasonable pre-filing inquiry into the merits of its position.

13. Failure to do so to the court's satisfaction justifies the awarding of sanctions.

14. In light of the foregoing, it is respectfully submitted that the motion must be granted.

WHEREFORE it is respectfully requested that the motion be granted in all respects.

Dated: January 24, 2008

_____
OSCAR MICHELEN   (OM 5199)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ACS RECOVERY SERVICES, INC.,

                      Plaintiff,

    -against-

                                   Civil Action Number:
                                   07cv7352 (VM)(DFE)

MICHELLE MARSHALL
                      Defendants.
------------------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF RULE 11 SANCTIONS**

                                         SANDBACK, BIRNBAUM & MICHELEN
                                         Attorneys for Defendant Marshall
                                         200 Old Country Road Suite 2 South
                                         Mineola, New York 11501-4242
                                         (516)248-8000  fax: (516)741-9398

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ACS RECOVERY SERVICES, INC.,

                                          Plaintiff,                      **DEFENDANT'S MEMORANDUM OF LAW**

      -against-                                             Case No. 07cv7352 (VM)(DFE)

MICHELLE MARSHALL
                                          Defendants.
-----------------------------------------------------------------X

### PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendant Michelle Marshall in support of her motion for sanctions against plaintiff and counsel pursuant to F.R.C.P Rule 11 due to the filing a complaint which defendant alleges is frivolous and without merit.

### STATEMENT OF FACTS

This motion accompanies defendant Marshall's motion to dismiss in lieu of answer and the statement of facts contained in that motion are incorporated by reference herein.

Additionally, prior to the filing of this litigation, counsel for defendant had sent counsel for plaintiff the language of the settlement agreement involved in the underlying State tort case. There was series of emails exchanged summarizing defendant's position that the language of the settlement agreement prohibited plaintiff from recovering any money from defendant's settlement.

Counsel for defendant, Oscar Michelen, had at least two conversations with Mikhal Francois, counsel for plaintiff, in an effort to stave off the filing of this litigation. The phone calls were initiated by Ms. Francois, to see if Mr. Michelen would accept service of the summons and complaint in this matter on behalf of defendant. Mr. Michelen indicated his willingness to accept

service of the complaint, but asked Ms. Francois to hold off filing it as he felt that matter was frivolous in light of the manner in which the case had been settled. Ms. Francois claimed that she had not seen the settlement agreement. Mr. Michelen advised her, that not only had her firm been provided previously with the settlement agreement, but a member of her firm was present at the settlement mediation conference and was fully aware that no monies were allocated to reimbursement of medical expenses. In any event, Mr. Michelen sent Ms. Francois a copy of the settlement agreement via email.

In a conversation a few days after that email, Ms. Francois, in response to being asked by Mr. Michelen whether plaintiff intended to move forward with the litigation despite the language of the agreement, stated that her firm's partner Glenn Butash "felt we had an angle we could proceed on." When pressed to explain what the angle was, Ms. Francois replied that Mr. Michelen would have to discuss that with Mr. Butash. Shortly thereafter, the complaint was served. Mr. Butash signed the complaint but never called Mr. Michelen to explain what "the angle" was.

As a result of the fall that was the basis for the underlying lawsuit, Ms. Marshall was rendered a quadriplegic. She has limited use of her hands; no use of her arms and no use of her legs. She has not worked since the day of the accident. There were significant liability issues in the case which is why the case settled for only $2.5 million. This settlement payment is her principal source of income (in addition to small disability payments). She is in her early forties and relies on an aide for all her daily activities. Her limited financial means must cover her for the remainder of her life. In preparation for the tort trail, an expert placed her life expectancy at over thirty (30) years.

## POINT I

### RULE 11 AUTHORIZES AWARDING SANCTIONS FOR THE FILING OF A FRIVOLOUS COMPLAINT

<u>Rule 11 of the Federal Rules of Civil Procedure</u>—which provides that a person who signs a pleading, motion, or other paper in violation of the Rule may be ordered to pay a reasonable attorney's fee—imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith; thus, a federal court may properly impose attorneys' fees as a sanction under <u>Rule 11</u> for conduct that merely fails to meet a reasonableness standard. <u>Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27, 19 Fed. R. Serv. 3d 817 (1991)</u>.

<u>Rule 11 of the Federal Rules of Civil Procedure</u> provides in relevant part that (1) the signature of an attorney or party on a paper filed in a Federal District Court constitutes the signer's certification, based on a reasonable inquiry, that the paper is well grounded in fact, and (2) if a paper is signed in violation of this provision, the District Court shall impose upon the signer an appropriate sanction..

In determining whether an attorney has violated <u>Rule 11 of the Federal Rules of Civil Procedure</u>, the court should look to see if a competent attorney, after a reasonable inquiry, could have formed a belief that the pleading was well grounded in fact and was "warranted by existing law or a good faith argument" for changing the law. <u>Silva v Witschen,</u> 745 F Supp 798 (D.C.R.I. 1998). The district court must (1) consider factual questions regarding the nature of the attorney's prefiling inquiry and the factual basis of the pleading or other paper, (2) determine legal issues in considering (a) whether a pleading is "warranted by existing law or a good faith argument" for changing the law, and (b) whether the attorney's conduct violated <u>Rule 11</u>, and (3)

3

exercise its discretion to tailor an "appropriate sanction." <u>Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359, 1990-1 Trade Cas. (CCH) ¶69052, 16 Fed. R. Serv. 3d 737 (1990)</u>.

Subjective good faith is not enough to protect an attorney from sanctions under <u>Rule 11</u>. 28 U.S.C.A. <u>Fed. Rules Civ. Proc. Rule 11</u>. <u>Bermudez v. 1 World Productions, Inc., 209 F.R.D. 287 (D.P.R. 2002)</u>.

In a civil action in which the district court granted a motion for dismissal, the court imposed <u>Rule 11</u> sanction against the plaintiffs because it was "patently clear" that plaintiffs had "absolutely no chance of success under existing precedent" and where no reasonable argument could be advanced to extend, modify, or reverse law as it stood. <u>Gutterman v. Eimicke</u>, 125 F.R.D. 348 (E.D.N.Y 1989). One purpose of <u>Rule 11</u> is to require the attorney to make a pre-filing inquiry to establish a reasonable ground for believing that further investigation and discovery will prove the case, and when an attorney can get information necessary to certify the validity of a claim in a public fashion, and need not rely solely on his client, he must do so. <u>Tall v Cortlandt,</u> 709 F Supp. 401 (S.D.N.Y. 1989).

The Second Circuit's objective interpretation of Rule 11 is set forth in <u>Calloway v. The Marvel Entertainment Group, 854 F.2d 1452 (2d Cir.1988)</u>, reversed in part, on other grounds, by <u>Pavelic & LeFlore v. Marvel Entertainment Group</u>, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438, 58 USLW 4038, 15 Fed.R.Serv.3d 1, RICO Bus.Disp.Guide 7378 (U.S.N.Y. Dec 05, 1989) (NO. 88-791):

> In considering sanctions regarding a factual claim, the initial focus of the district court should be on whether an objectively reasonable evidentiary basis for the claim was demonstrated

4

> in pretrial proceedings.... Where such a basis was shown, no inquiry into the adequacy of the attorney's pre-filing investigation is necessary. If no reasonable evidentiary basis for a factual claim was disclosed in pretrial proceedings ... the district court must then scrutinize the objective reasonableness of the attorney's pre-filing inquiry and the basis for the claim developed by that inquiry. If the inquiry was objectively reasonable under the circumstances and disclosed a reasonable factual basis for the claim, then sanctions are not appropriate. On the other hand, if the attorney either failed to make an objectively reasonable inquiry or pursued a claim for which no basis was disclosed by such an inquiry, then sanctions are appropriate.

Calloway, supra, 489 U.S. at 1469. In this matter, there are no pre-trial proceedings at the time of this motion, so the district court must analyze counsel for plaintiff's pre-filing inquiry into the merits of the action. Counsel for plaintiff was provided – at the time of the settlement conference and immediately prior to the filing of this action – with the terms of the settlement agreement. Counsel for defendant tried to inquire as to the basis for the complaint was never provided with an explanation of how plaintiff's counsel believed the complaint could survive given the language of the settlement agreement.

Counsel for plaintiff must now come forward with some explanation or legal position that establishes some merit to the litigation. Failing to do so, it is defendant's position that Rule 11 sanctions are warranted.

## CONCLUSION

Once defendant has established her entitlement to summary judgment and dismissal of the complaint, Rule 11 sanctions are warranted unless plaintiff's counsel can demonstrate a reasonable pre-filing inquiry which established some merit to the action.

Dated: January 24, 2008

        Respectfully submitted

        _____
        OSCAR MICHELEN (OM 5199)
        SANDBACK, BIRNBAUM & MICHELEN
        Attorneys for Defendant Marshall
        200 Old Country Road Suite 2 South
        Mineola, New York 11501-4242
        (516)248-8000

# TABLE OF AUTHORITIES

**Cases**

Bermudez v. 1 World Productions, Inc., 209 F.R.D. 287 (D.P.R. 2002) ............ 4

Calloway v. The Marvel Entertainment Group, 854 F.2d 1452 (2d Cir.1988) ............ 4

Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27, 19 Fed. R. Serv. 3d 817 (1991) ............ 3

Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359, 1990-1 Trade Cas. (CCH) ¶69052, 16 Fed. R. Serv. 3d 737 (1990) ............ 4

Gutterman v. Eimicke, 125 F.R.D. 348 (E.D.N.Y 1989 ............ 4

Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438, 58 USLW 4038, 15 Fed.R.Serv.3d 1, RICO Bus.Disp.Guide 7378 (U.S.N.Y. Dec 05, 1989) (NO. 88-791): ............ 4

Silva v Witschen, 745 F Supp 798 (D.C.R.I. 1998). ............ 3