UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ACS RECOVERY SERVICES, INC.,

                          Plaintiff,

                                                                                 **AFFIRMATION
IN SUPPORT**

-against-                                  Case No. 07cv7352 (VM)(DFE)

MICHELLE MARSHALL
                          Defendants.
-------------------------------------------------------------X

        OSCAR MICHELEN, an attorney admitted to practice in the Southern District of New York, affirms the truth of the following under he penalties of perjury:

1. I am a member of the firm of Sandback, Birnbaum & Michelen, attorneys of record for the defendant Michelle Marshall herein, and as such I am fully familiar with the facts and circumstances surrounding this application.

2. This affirmation is submitted in support of defendant Marshall's motion to dismiss in lieu of answer, motion to dismiss for failure to state a claim upon which relief can be granted and motion for summary judgment.

3. The legal positions of the defendant are fully set forth in the accompanying memorandum of law.

4. In addition to representing defendant Marshall in this matter, I represented her in the underlying State tort claim. That claim arose out of a trip and fall in her apartment that rendered Ms. Marshall a quadriplegic.

5. A claim was brought in New York County State Supreme Court against the building owners. Just prior to the commencement of jury selection, the parties reached an agreement at a mediation conference to settle the matter for $2.5 million.

6. After the mediation the parties signed a settlement agreement. A copy of the agreement accompanies the motion as an exhibit.

7. The agreement states that the $2.5 million represents only a portion of defendant Marshall's pain and suffering claim and that all other claims are dismissed. No other settlement monies were ever allocated to any other claim of Ms. Marshall, including reimbursement of medical expenses.

8. At the mediation conference, counsel for plaintiff in this action was represented and participated in the conference. Counsel was advised that no amounts would be allocated towards medical expenses nor would any amounts be allocated towards any alleged lien plaintiff may assert.

9. In light of the foregoing and in light of the state of the law as set forth in the accompanying memorandum of law, it is respectfully submitted that the motions must be granted and the complaint dismissed.

WHEREFORE it is respectfully requested that the motions be granted in all respects.

Dated: January 24, 2008

_____
OSCAR MICHELEN (OM 5199)